UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| BUDDY STEVE DANIEL, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 0:11-CV-065-HRW |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| J. C. HOLLAND, Warden, ) | **AND** |
| ) | **ORDER** |
| Respondent. ) | |

\*\* \*\* \*\* \*\* \*\*

Buddy Steve Daniel, an individual currently incarcerated in the Federal Prison Camp in Ashland, Kentucky ("FCI-Ashland"), has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and has paid the district court's habeas filing fee.

The Petition is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, at *1 (6th Cir. 2002). During screening, the allegations are taken as true and liberally construed in the *pro se* Petitioner's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines that the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

Mr. Daniel alleges that the Bureau of Prisons ("BOP") improperly denied his request to apply to a pilot program providing early release to home detention for certain elderly offenders. Because it appears from his habeas corpus petition and attachments thereto that he is not entitled to a writ of habeas corpus, 28 U.S.C. § 2243, his petition will be denied, and this action will be dismissed.

## BACKGROUND

Mr. Daniel, age 70, is currently serving a 240-month sentence, imposed on November 4, 1996, for various drug offenses. Per the Inmate Locater feature of the BOP's website, http://www.bop.gov, his projected release date is April 20, 2013.

In November of 2010, Daniel began seeking entry into the BOP's "Elderly and Family Reunification for Certain Non-Violent Offenders Pilot Program" (hereinafter "the Program"), described in greater detail below. The BOP denied his request to apply for entry into the Program because he did not qualify for the Program until November 18, 2010, after the Program's expiration date.[1] Daniel appealed that denial within the BOP's administrative remedy procedures and has exhausted his administrative remedies.

---

[1] The Program was authorized to run for only a two-year period, from October 1, 2008, through September 30, 2010.

As grounds for the Administrative Remedy he initiated with the Warden, Daniel stated that based on the BOP's Operations Memorandum ("OM") dated February 5, 2009, announcing the Program, both he and his case worker "were under the impression that the Program expired Feb. 5, 2011. I had been working on the assumption that I would be eligible on Nov. 18, 2010, when I would have served 15 years on a 20 years sentence." BP-229, Administrative Remedy No. 621059- F1 (attached to habeas petition - DE #2).

In responding to Daniel's Administrative Remedy No. 621059-F1, the Warden stated:

> This is in response to your Request for Administrative Remedy 621059-F1, in which you request that an application for the Elderly Offender Home Detention Pilot Program be submitted on your behalf. Because the memorandum's expiration date is February 5, 2011, you were under the impression that you would be eligible for this program on November 18, 2010, which is your 75% date. You contend that the confusion about the expiration date has left insufficient time to apply for the 500 Hour Residential Drug Program in order to receive a year off your sentence.
>
> The Operations Memorandum, Number 003-2009 (5392), Elderly Offender Home Detention Pilot Program, dated February 5, 2009, states that the pilot program is authorized to run from October 1, 2008 through September 30, 2010. You have been working closely with your case manager in regards to this program since approximately June 2009, at which time your were advised of your 75% date, calculated to be November 18, 2010. You were not eligible to be submitted for the program any earlier than your 75% date. Upon following up with your unit team, you were advised that after

3

September 30, 2010, inmates were no longer to be referred for this program. Although the memorandum does not expire until February 5, 2011, there has been no further information regarding an extension beyond the authorization expiration date of September 30, 2010.

Institutional Response to Administrative Remedy, Doc. #2-3 (attached as exhibit to habeas petition [R. 2]).

In affirming the Warden's foregoing response, Harrell Watts, Administrator, National Inmate Appeals, stated:

> Our review of this matter reveals the Warden and the Regional Director adequately responded to the issue you raised in this appeal. As you were informed, the Bureau of Prisons Operations Memorandum, Number 003-2009 (5392), "Elderly Offender Home Detention Pilot Program," dated February 5, 2009, provides guidance to Bureau of Prisons staff for administering the Elderly Offender Home Detention Pilot Program. The Operations Memorandum specifically explains that "[t]hat the pilot program is authorized to run from October 1, 2008 through September 30, 2010. As you were advised, inmates accordingly were no longer referred for the Elderly Offender Home Detention Pilot Program after September 30, 2010. The Operations Memorandum also explains that "[e]ligibility to participate requires the inmate to have 'served the greater of 10 years or 75 percent of the term of imprisonment to which the offender was sentenced.'" Records indicate staff calculated the date you would have 75 percent of your term of imprisonment completed to be November 18, 2010. Accordingly, you satisfied the eligibility requirements after the date inmates were no longer referred. We find no indication of malfeasance or violation of policy.

Central Office Response to Administrative Remedy Appeal, Doc. #2-5 (attached as exhibit to habeas petition [R. 2]).

## DISCUSSION/ANALYSIS

## The Elderly Offender Home Detention Pilot Program

The BOP established the Pilot Program in compliance with the Second Chance Act of 2007. Pub.L. No. 110-199, 122 Stat. 657 (codified at 42 U.S.C. § 17541). The Act directs the BOP to "conduct a pilot program to determine the effectiveness of removing eligible elderly offenders from a[BOP] facility and placing such offenders on home detention until the expiration of the prison term to which the offender was sentenced." 42 U.S.C. § 17541(g)(1)(A). The BOP was required to conduct the Pilot Program through at least one BOP facility during the 2009 and 2010 fiscal years. Id. § 17541(g)(3). The Act lists several criteria that inmates must meet in order to be eligible for the Pilot Program. Those criteria are:

(1) The inmate must be at least 65 years old;

(2) He must have served the greater of 10 years or 75 percent of his prison sentence (and that sentence cannot be a life sentence or a sentence for a sex crime, a crime of violence, or other specific offenses outlined in the statute);

(3) He must not have been convicted in the past of any federal or state crime of violence or sex offense;

(4) He must not have a history of violence or of engaging in sex offenses;

(5) He must not have escaped or attempted to escape from a BOP facility;

(6) The BOP must determine that releasing the inmate to home detention will result in a substantial net reduction of costs to the federal government; and

(7) The BOP must determine that the inmate is at no substantial risk of engaging in criminal conduct or endangering any person or the public if released to home detention.

*Id.* § 17541(g)(5)(A)(i)-(vii).

Unfortunately for Mr. Daniel, his habeas petition is without merit. Since Daniel did not meet one of the criterion for entry into the Program, *viz.*, having served the greater of 10 years or 75% of his sentence, until November 18, 2010, he did not become eligible to apply for the Program until after the Program's expiration date, September 30, 2010.

The source of confusion for Mr. Daniel can be traced to the BOP's OM describing the Program. This OM is an *internal* memorandum originating in the BOP's Central Office in Washington, D.C. It was signed by the BOP's Director, Harley G. Lappin, and appears to have been sent to all federal prisons for the purpose of announcing and explaining the origin of the Program, and giving the effective dates of the Program, October 1, 2008, through September 30, 2010. This OM was sent only to BOP administrative personnel at each federal prison and

was not sent to Mr. Daniel[2] specifically or to any other federal prisoner. The OM is dated February 5, 2009, and states that it (the OM) expires on February 5, 2011.[3] Irrespective of the OM's expiration date, the text of the OM, in describing the Program, clearly states: "The pilot program is authorized to run from October 1, 2008, through September 30, 2010." Therefore, the OM in no uncertain terms advises BOP personnel that the Pilot Program ends on September 30, 2010. To be eligible to apply for entry into the Program, an inmate would had to have met each of the qualifying criterion, including having served the greater of 10 years or 75% of the inmate's sentence, at least by September 30, 2010. Mr. Daniels did not meet the 75% service requirement until November 18, 2010, after the two-year window for entry into the Program closed. Consequently, the Court concludes that the BOP properly denied Daniel's request to apply for entry into the Program.

---

[2] Since this OM was not addressed to Mr. Daniel, he had no reason to see it and certainly no reason to rely on it as a basis for seeking entry into the Program. The fact that his case worker may have misinformed him as to the effective dates of the Program is inconsequential.

[3] Apparently, the BOP assigns an expiration date to its Operations Memoranda. The BOP may have in place a rule stating that all Operations Memoranda expire two years from the date of issue. At any rate, the OM that is the subject of this action states that it expired on February 5, 2011.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Steve Buddy Daniel's Petition for Writ of Habeas Corpus is **DENIED**;

(2) this action will be **DISMISSED** from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, J. C. Holland, Warden.

This the 28th day of October, 2011.

Signed By:
Henry R. Wilhoit, Jr.
United States District Judge